IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE RAMIREZ-AGUILERA, | § | |
| | § | |
| v. | § | A-13-CV-1024-LY |
| | § | (A-13-CR-132-LY (1)) |
| UNITED STATES OF AMERICA | § | |

## ORDER

Before the Court is the Request for a Date for an Evidentiary Hearing (Dkt. No. 108), and the issue of whether an evidentiary hearing on Ramirez's § 2255 motion is warranted in this case. For the reasons set out below, it would be premature to set a hearing at this time.

This case has a somewhat tortured procedural history. The original motion to vacate was filed on November 26, 2013. In March 2014, the Court directed Ramirez to clarify his claims, because it was unclear whether he was making a claim that his attorney failed to file an appeal despite Ramirez's direction that he do so. Ramirez then filed an amended motion to vacate on May 27, 2014. In the amended motion, Ramirez states three grounds in support of his motion: (1) "whether defense counsel failed to perfect an appeal constituted ineffective assistance of counsel;" (2) "whether the defense counsel failed to file objections to the presentence report (PSR) regarding acceptance of responsibility, safety valve and drug quantity;" and (3) "whether counsel's failed to stipulate a favorable plea agreement and was inadequate trail [sic] preparation constituted ineffective assistance of counsel." Dkt. No. 93.

With regard to the first issue, the motion itself says nothing about Ramirez having indicated to his attorney—Horatio Aldredge—that he wished to file an appeal. Dkt. No. 93 at 4. Similarly, the affidavit attached to the amended motion is silent on the issue. Dkt. No. 93-3 at 2. On the other hand, in the brief in support of the amended motion, Ramirez relates a story that at some (unstated)

time after sentencing he was visited by an attorney other than Mr. Aldredge, that Ramirez told this attorney that he wished to appeal, and the attorney counseled him not to do so. Dkt. No. 93-1 at 16. The brief is not signed by Ramirez under penalty of perjury, though the affidavit, which makes no such claim, is. As the United States notes, these allegations are suspect, both because they are unlikely, and because they have not been made under oath. Nevertheless, based on the allegations, the Government suggests that an evidentiary hearing is necessary so that it may test the veracity of Ramirez's claims, and "subpoena records and testimony from the Federal Public Defender's office that will shed light on the movant's claims." Dkt. No. 98 at 5, 6.

The relevant law on this point is clear: if a defendant instructs his attorney to file a notice of appeal, and the attorney fails to do so, the defendant is entitled to relief if he can show a reasonable probability that he would have appealed, regardless of whether he can show meritorious grounds for appeal, and even if he expressly waived his right to appeal in a plea agreement. *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 484, 486 (2000); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When the record is ambiguous on whether the defendant instructed his attorney to file a notice of appeal, or when there are controverting sworn statements on that issue, it is an abuse of discretion not to hold an evidentiary hearing to determine what the facts on that issue are. *E.g., United States v. Harger*, 354 Fed. Appx. 151 (5th Cir. 2009); *Tapp*, 491 F.3d at 266 n.2.

In this case, we are not at the point of having sworn statements that contradict one another on the issue of whether Ramirez requested an appeal. Instead, all we have from Ramirez is an unsworn statement in a brief, and all we have from the Government is its view that the story told in the brief is "unlikely." It seems likely that the veracity of Ramirez's claim may well be able to be determined without an evidentiary hearing. Parties may conduct discovery in § 2255 actions when

there is good cause. *See,* 28 U.S.C. § 2255 Rule 6. Even without formal discovery it would seem that the Government could gather information on this issue. If Ramirez-Aguilera was visited after sentencing either in the U.S. Marshal's holding facility in the courthouse, or in jail by an attorney from the Federal Public Defender's Office, it is likely that there is a record of that visit: presumably the prison has logs of visitors, especially attorneys. The absence of such a record could put this issue to rest, while the existence of such a record might corroborate Ramirez's claim. Further, the Federal Public Defender's office likely has records in its files of any visits to Ramirez made by its attorneys or employees, and it is common for the Government to submit affidavits in § 2255 proceedings from attorneys from the Federal Public Defender without there being an evidentiary hearing.

Therefore, before the Court sets a hearing, the Government is **ORDERED** to investigate this issue and submit whatever evidence it gathers on this question, at which time the Court will determine if an evidentiary hearing is warranted. The Government is **ORDERED** to complete these efforts within 90 days from the date of this order. Further, Ramirez's Request for a Date for an Evidentiary Hearing (Dkt. No. 108) is **DENIED** without prejudice to be raised again once the additional investigation is completed.

SIGNED this 25th day of February, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE