**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GUADALUPE RAMIREZ-AGUILERA** | § | |
| | § | |
| **v.** | § | **A-13-CV-1024 LY** |
| | § | **(A-13-CR-132(1) LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Guadalupe Ramirez-Aguilera's Amended Motion under U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Dkt. No. 93). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

This case has an usual procedural history. On August 21, 2013, Ramirez-Aguilera appeared before United States Magistrate Judge Mark Lane and, pursuant to a plea agreement, pled guilty to possession with intent to distribute 50 grams or more of methamphetamine. Dkt. No. 59. On October 31, 2013, United States District Judge Lee Yeakel accepted Ramirez-Aguilera's guilty plea, departed below the advisory guideline range, and sentenced him to 84 months of imprisonment, 4 years of supervised release, and a special assessment of $100.

On November 13, 2013, the Clerk's Office received from Ramirez-Aguilera the following letter:

To whom it may concern:

I would like to get a second chance with another court-appointed attorney. I feel as if my appointed counsel did <u>not</u> represent me with the best possible job he could. I feel as if I was not his top and first priority. I appreciate with all my heart if you could send me the appropriate form to file. The Appeal or 2255 or Habeas Corpus. My cause number A:13-cr-132(01)-ly

Thanks for your time.

Dkt. No. 70. The Court Clerk's Office staff was uncertain about how to docket the letter. After internal discussions, the staff construed it as a notice of appeal and a motion to appoint counsel. They docketed it as such on November 18, 2013, and dated the docket entries to November 13, the day the letter was received. Dkt. No. 69. However, after further internal discussion, and after consulting with an employee of the U. S. Court of Appeals for the Fifth Circuit, on November 20, 2013, the Clerk's staff decided to reverse these entries, and docket the letter as only a request for forms. Dkt. No. 70. The Clerk then sent a letter to Ramirez-Aguilera stating that copies of the requested forms were attached, and included the forms for a notice of appeal, and a motion under 28 U.S.C. § 2255. Dkt. No. 70-1. Just days later, Ramirez-Aguilera returned a completed version of the § 2255 form, alleging among other things that his counsel, Mr. Horatio Aldredge of the Federal Public Defender, had rendered ineffective assistance. Dkt. No. 71. Mr. Aldredge then filed a motion to withdraw as Ramirez-Aguilera's counsel on November 30, 2013, based on the apparent conflict of interest created by Ramirez-Aguilera's motion. Dkt. No. 73. Mr. Aldredge's motion was granted on December 5, 2013. Dkt. No. 77.

On March 28, 2014, the Court directed Ramirez-Aguilera to clarify his claims, because it was unclear whether he was making a claim that his attorney failed to file an appeal despite Ramirez's direction that he do so. Dkt. No. 88. Ramirez-Aguilera then filed an amended motion to vacate

on May 27, 2014.  Dkt.  No.  93.  After further briefing to clarify the positions of both Ramirez-

Aguilera and the Government, a hearing was held regarding the motion on August 26, 2015.[1]

### III.  ANALYSIS

After reviewing the record in this case, the Court concludes that the Clerk should not have

re-docketed Ramirez-Aguilera's November 13, 2013 submission as merely a letter, and should

instead have construed it as a notice of appeal and a motion to appoint counsel.  While a notice of

appeal usually must include certain information set out in FED. R. APP. P. 3, (*i.e.*, the name of the

parties, the judgment appealed from, and the court to which the appeal is taken), such requirements

may be waived for pro se appellants so long as they file a "functional equivalent" which evinces an

intention to appeal.  *Smith v. Barry*, 502 U.S. 244, 248 (1992).  It is the "the notice afforded by a

document, not the litigant's motivation in filing it," that "determines the document's sufficiency as

a notice of appeal." *Id*.  Here, Ramirez-Aguilera is the only party who could appeal as of right, he

had only one thing that could be appealed—his conviction and sentence—and he could only appeal

to the U.S. Court of Appeals for the Fifth Circuit.  He requested new counsel because, he said, he

"would like to get a second chance." Dkt.  No. 70.  To that end, he asked the Court to send hm "the

appropriate form to file."  *Id*.  That he ultimately filed a motion under 28 U.S.C.  § 2255 is not

dispositive of his intentions, as he is not an English speaker, he has no legal training, and his letter

evinces an intent to challenge his conviction.

Moreover, Ramirez-Aguilera's letter was filed on November 13, 2013, thirteen days after his

sentencing, one day before the deadline for a notice of appeal, further suggesting that Ramirez-

---

[1]Among other things, the additional briefing made clear that Ramirez-Aguilera was in fact
contending that he had instructed his counsel to appeal the judgment, but no appeal had been filed.

Aguilera was attempting to appeal.  Indeed, as is his standard procedure, after imposing the sentence in this case, Judge Yeakel specifically admonished Ramirez-Aguilera that the deadline to appeal the sentence was 14 days from the sentencing, and he gave Ramirez-Aguilera a letter stating that deadline. Dkt. No. 97 at 14-15 (transcript of sentencing).  Given these admonishments, the fact that Ramirez-Aguilera sent his letter during the 14-day period suggests he was attempting to notify the Court of his desire to appeal before the deadline expired.  Had the letter remained docketed as a notice of appeal, that notice would have been timely filed under Rule 4.  FED. R. APP. P. 4(b)(1)(A). By reversing the entry, the Clerk set in motion circumstances in which, rather than having an attorney representing him, Ramirez-Aguilera was instead left with an un-appealed sentence and no counsel.  This is because just days after the docket entry was reversed, the Clerk received Ramirez-Aguilera's § 2255 filing alleging ineffective assistance of counsel, his trial counsel was permitted to withdraw, and no new counsel was appointed (because no appeal was pending).  This left Ramirez-Aguilera with no guidance regarding raising his complaints about the judgment in his case.

Given these circumstances, the Court believes the best course is to direct that Ramirez-Aguilera's letter be reinstated as a notice of appeal timely filed, and that he be allowed to proceed with his appeal.  The undersigned also recommends that the motion for appointment of counsel also be reinstated, and that appellate counsel be appointed.  Finally, the undersigned recommends that Ramirez-Aguilera's motion under 28 U.S.C. § 2255 be held in abeyance until all appellate proceedings are complete.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court direct the Clerk's Office to **REINSTATE** Guadalupe Ramirez-Aguilera's Notice of Appeal and Motion for

4

Appointment of Counsel (Dkt. No. 69) as timely filed.  The undersigned further **RECOMMENDS**

that the District Court hold Ramirez-Aguilera's Amended Motion under U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence (Dkt. No. 93) in abeyance until all appellate proceedings are complete.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file

written objections to the proposed findings and recommendations within fourteen days after the party

is served with a copy of the Report shall bar that party from de novo review by the district court of

the proposed findings and recommendations in the Report and, except upon grounds of plain error,

shall bar the party from appellate review of unobjected-to proposed factual findings and legal

conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S.

140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report &

Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 30 day of September, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE